IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL SNIDER, | : | Case No. 4:15-CV-00951 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA DOC, *et al.*, | : | |
| | : | (Magistrate Judge Schwab) |
| Defendants. | : | |

**<u>MEMORANDUM</u>**
September 30, 2016

Before the Court for disposition are a multitude of motions filed by Plaintiff Joel Snider ("Plaintiff"), and Defendants Pennsylvania Department of Corrections, SCI Coal Township, SCI Graterford, Torrence State Hospital, Union County, SCI Camp Hill, SCI Greene, Kathleen Kane, Esq., Secretary Wetzel, Warden Shaffer, Warden Mooney, Warden Wenerowicz, Warden Harry, Warden Gilmore, Sgt. Romig, C.O. Longenderfer, C.O. McKeehan, Brenda Jeremiah, Karen Kaskie, Cherie Fallon, Dr. Pullmueller, and Dr. Timon ("Defendants"). Magistrate Judge Susan E. Schwab has prepared a Report and Recommendation concerning the following Motions filed by Plaintiff: (1) Motion for Preliminary Injunction & Temporary Restraining Order, and (2) Motion for Temporary Restraining Order. The remaining motions filed by Plaintiff involve various Orders and actions taken by the Magistrate Judge. Defendants in turn have filed the following Motions: (1)

1

Second Motion to Dismiss by Defendants Union County and Warden Shaffer, (2) Motion to Strike Plaintiff's Objections to the Order of May 2, 2016 by Pennsylvania DOC Defendants, and (3) Motion to Strike Plaintiff's Objections to the Report and Recommendation of May 3, 2016 by Pennsylvania DOC Defendants.

## I. BACKGROUND/PROCEDURAL HISTORY

On May 15, 2015, Plaintiff Joel Snider, a prisoner at SCI Green, filed a *pro se* civil rights complaint[1] pursuant to (1) 42 U.S.C. § 1983, (2) the Americans with Disabilities Act, (3) the Rehabilitation Act, and (4) state law.

On September 18, 2015, Magistrate Judge Schwab, to whom this case is jointly assigned, issued an Order addressing the many motions Plaintiff had filed since instituting the action.[2] This Order stipulated the following: (1) the denial of Plaintiff's Motion for class certification, (2) the denial of Plaintiff's motions for leave to amend and for preliminary injunction, (3) the granting of Plaintiff's motions to withdraw a motion for temporary restraining order and seeking the return of his belongings, (4) the striking of a motion incorrectly filed, and (5) the appointment of counsel, if such counsel could be found. On October 16, 2016, Magistrate Judge Schwab granted a Motion enlarging time for Plaintiff to file

---

[1] ECF No. 1.
[2] ECF No. 38.

formal objections to this Order.[3]  Said Order dictated that Plaintiff had until December 14, 2015 to file Objections.

On November 13, 2015, Magistrate Judge Schwab issued an Order denying as moot Plaintiff's Motion requesting that the Clerk serve the Commonwealth of Pennsylvania.[4]  On December 9, 2015, this Court granted a Motion by Plaintiff for extension of time to file an appeal.[5]  Said Order gave Plaintiff until January 25, 2016 to file an appeal.

On December 1, 2015, a telephone status conference with parties was held with Magistrate Judge Schwab.  In an Order dated December 18, 2015, Magistrate Judge Schwab, with the benefit of the telephone status conference, ruled on eight (8) pending motions.[6]  Specifically, the court (1) directed Plaintiff to file an Amended Complaint on or before January 30, 2016 and denied a pending Motion to dismiss by Defendants, (2) denied as moot a motion made by Plaintiff for appointment of counsel,[7] (3) denied Plaintiff's motion concerning the preservation of evidence while noting the agreement of Defendants to preserve all potentially discoverable evidence, (4) denied Plaintiff's Motion for leave to file directly with

---

[3] ECF No. 47.
[4] ECF No. 67.
[5] ECF No. 83.
[6] ECF No. 91.
[7] The court noted that, although it had previously referred Plaintiff's request for counsel to the pro bono coordinator for the Middle District Chapter of the Federal Bar Association, no counsel had yet agreed to accept the case.

the Court and serve Defendants electronically, and (5) denied Plaintiff's request for an exemption from having to exhaust his administrative remedies.[8]

On March 7, 2016, a Report and Recommendation was issued by Magistrate Judge Schwab which advised of (1) the denial of Plaintiff's motion for leave to file an amended temporary restraining order dated June 1, 2015, and (2) the denial of Defendant's motion for a temporary restraining order dated June 4, 2015.[9] This Report specifically stated that, because Plaintiff had failed to file an amended complaint in compliance with the December 18, 2015 order, the temporary restraining order could not be granted.  Furthermore, Plaintiff had acknowledged during the December 1, 2015 conference call that he was receiving his medication. This Court, by Order dated March 31, 2016, adopted the findings of this Report and Recommendation.[10]

On May 2, 2016, Magistrate Judge Schwab issued an Order to both address the multitude of motions Plaintiff had filed, and to establish a framework for fairly and promptly reaching the merits of Plaintiff's case.[11] The Order first granted to Plaintiff "**one final opportunity** to amend his complaint on or before **July 1,**

---

[8] A second Order of December 18, 2015 also withdrew from consideration, for failure to file a supporting brief, Plaintiff's Motion for access to the law library, law library resources, and paralegals. *See* ECF No. 92.
[9] ECF No. 124.
[10] ECF No. 134.
[11] ECF No. 139.

**2016**."[12] In the event Plaintiff fails to amend his complaint by that time, the Court dictated that Defendants were to respond with any dispositive motions concerning the original complaint on or before July 29, 2016.[13] The Order also stipulated (1) the denial of Plaintiff's motion for an extension of time to file a brief in opposition to Defendant Union County's Motion to Dismiss, (2) the withdrawal of Plaintiff's motion to order the Clerk of Court to serve process on Torrance State Hospital for failure to file a supporting brief, and (3) the withdrawal of a Motion for Temporary Restraining Order and preliminary injunction[14] for failure to file a supporting brief.[15] Finally, Magistrate Judge Schwab ordered that, because Plaintiff had inundated the court with motions, no further filings would be accepted until Defendants have filed their dispositive motions. Plaintiff was directed to file a letter with the court if he should feel the need to file a motion

A Report and Recommendation by Magistrate Judge Schwab was issued on May 3, 2016.[16] This Report and Recommendation advised the denial of Plaintiff's

---

[12] Magistrate Judge Schwab also provided Plaintiff with extensive direction concerning the requirements of a proper complaint. Such directions had previously been given in the court's December 18, 2015 Order.

[13] By Order dated July 27, 2016, this Court extended the deadline for Defendants to file dispositive motions to fourteen (14) days following the date upon which the Court rules on Plaintiff's Motion for Leave to File an Amended Complaint.

[14] ECF No. 101.

[15] The Order also set forth, for the Plaintiff's benefit, the standard used within the Third Circuit to impose a preliminary injunction.

[16] ECF No. 140.

motions for preliminary injunction,[17] and the denial of his motions to respond to the PA DOC's briefs in opposition.[18] Following the issuance of this Report and Recommendation, Plaintiff continued filing motions in violation of the Order of May 2, 2016. Specifically, Plaintiff filed a Motion for Extension of Time to object to the Report and Recommendation on May 24, 2016,[19] and untimely Objections to the Report and Recommendation on June 14, 2016.[20] PA DOC Defendants subsequently filed a Motion to Strike said Objections on June 15, 2016.[21]

On July 1, 2016, Plaintiff mailed a Motion for Leave to File an Amended Complaint with an attached Amended Complaint.[22] By Order dated July 27, 2016, this Court granted Defendants' Joint Motion to Extend Time to File Dispositive Motions.[23] This Order represents the most recent activity in the complicated procedural history of this case.

## II. DISCUSSION

For organizational purposes, this Memorandum Opinion will be divided into three main subtopics: (1) Report and Recommendation, (2) Pending Motions by Plaintiff, and (3) Pending Motions by Defendants. Because of the many duplicative motions filed by Plaintiff, the Court will further divide Pending

---

[17] ECF Nos. 111 & 122.
[18] ECF Nos. 127, 135, & 136.
[19] ECF No. 147.
[20] ECF Nos. 152 & 153.
[21] ECF No. 154.
[22] ECF Nos. 160-162.
[23] ECF No. 165.

Motions by Plaintiff into categories based on their subject matter. Within this organization, the Court makes the following dispositions.

### A. Report and Recommendation

The Court will adopt in its entirety the May 3, 2016 Report and Recommendation[24] of Magistrate Judge Schwab. Plaintiff's Motions for preliminary injunction,[25] and to respond to the PA DOC's briefs in opposition[26] will therefore be denied.

Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and ... submit to a judge of the court proposed findings of fact and recommendations."[27] Once filed, this Report and Recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[28] When objections are timely filed, the District Court must conduct a *de novo* review of those portions of the report to which objections are made.[29] Although the standard of review for objections is *de novo*, the extent of review lies within the discretion of the District Court, and the court may otherwise rely on the recommendations of the magistrate judge to the extent it deems proper.[30]

---

[24] ECF No. 140.
[25] ECF Nos. 111 & 122.
[26] ECF Nos. 127, 135, & 136.
[27] 28 U.S.C. 636(b)(1)(B).
[28] 28 U.S.C. 636(b)(1).
[29] 28 U.S.C. 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).
[30] *Rieder v. Apfel,* 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For portions of the Report and Recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[31] Regardless of whether timely objections are made by a party, the District Court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[32]

Having reviewed those portions of the Report and Recommendation to which no objections were made, the Court is satisfied that, on its face, it has no clear error. Furthermore, the Court notes that the Objections filed by Plaintiff to the Report and Recommendation cannot be considered.[33] However, even if Plaintiff's Objections were considered, I find that they do not respond to the legal reasoning advanced in the Report and Recommendation and instead simply rehash arguments previously addressed by the Magistrate Judge. Therefore, because the Court agrees that Plaintiff has demonstrated neither a likelihood of success on the

---

[31] Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.,* 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)) (explaining that judges should give some review to every report and recommendation).
[32] 28 U.S.C. § 636(b)(1); Local Rule 72.31.
[33] In so doing, the Court will grant PA DOC Defendants' Motion to Strike Objections to the Report and Recommendation. The Court will provide specific reasoning for this action within the "pending motions by defendants" section.

merits nor an immediate irreparable injury, the Court will not rehash the sound reasoning of the Report and Recommendation and will adopt it in its entirety.[34]

### B. Pending Motions By Plaintiff
#### a. Motions Concerning the September 18, 2015 Order

Plaintiff has filed numerous motions objecting to the Court's Order of September 18, 2015. In that Order, as described above, Magistrate Judge Schwab (1) denied Plaintiff's Motion for class certification, (2) denied Plaintiff's motions for leave to amend and for preliminary injunction, (3) granted Plaintiff's motion to withdraw a motion for temporary restraining order, (4) struck a motion incorrectly filed, and (5) provided for the appointment of counsel, if such counsel could be found. On October 2, 2015, Plaintiff filed a Motion for Extension of Time to File Objections to this Order.[35] Magistrate Judge Schwab granted said Motion on October 16, 2015, and directed Plaintiff to file his objections on or before December 14, 2015.[36] Plaintiff failed to file his objections or request an extension

---

[34] Furthermore, to the extent that Plaintiff's objections complain of a lack of counsel, the Court notes that Magistrate Judge Schwab, by Order dated September 18, 2015, granted Plaintiff's Motion for Appointment of Counsel. She, however, correctly noted that the court lacks authority to compel counsel to take plaintiff's civil case, *see* ECF No. 38 at 4 (citing *Tabron v. Grace*, 6 F.3d 147, 157 n.7 (3d Cir. 1993), and that Plaintiff will be required to proceed without counsel in the event pro bono representation cannot be obtained. Furthermore, in an Order dated December 18, 2015, Magistrate Judge Schwab commented that "the search for counsel continues," and that she has "referred the request for counsel to the pro bono coordinator for the Middle District Chapter of the Federal Bar Association." *See* ECF No. 91, at 2-3.
[35] ECF No. 43.
[36] *See* Order of Oct. 16, 2015, ECF No. 47.

on or before this date. His subsequent Motions[37] to further extend the time to file objections are therefore denied.[38]

### b. Motions Concerning the November 13, 2015 Order

Plaintiff has also filed numerous objections to a November 13, 2015 Order which denied as moot a Motion requesting that the Clerk serve the Commonwealth of Pennsylvania. On December 3, 2015, Plaintiff filed a Motion for Extension of Time to File an Appeal of this Order. This Court, by Order dated December 9, 2015, subsequently granted said motion, and directed Plaintiff to file a an appeal on or before January 25, 2016.[39] Plaintiff subsequently filed (1) a "Motion to Correct Magistrate Judge Schwab's Order of 11-13-15,"[40] and (2) a "Motion for Extension of Time to Object to Magistrate Judge Schwab's Order in Doc. 67 and to Amend Complaint."[41] Because this Court intends to grant Plaintiff's later Motion for Leave to File an Amended Complaint, these Motions will be denied as moot and, following screening by the Magistrate Judge, the Clerk of Courts will be directed to serve all remaining defendants named in the amended pleading.

### c. Motions Concerning the December 18, 2015 Orders

---

[37] ECF Nos. 97, 115, & 116.
[38] "Time limitations on filing objections must be strictly observed." *See Robinson v. Varano*, Civil No. 3:10–CV–2131, 2013 WL 3475326, at *4 (M.D.Pa. July 10, 2013) (quoting *Jones v. Piazza*, Civil Action No. 05-CV-05384, 2007 WL 789597 n. 1 (E.D.Pa. Mar. 13, 2007) (citing *Grandison v. Moore*, 786 F.2d 146, 148 (3d Cir. 1986))).
[39] ECF No. 83.
[40] ECF No. 88.
[41] ECF No. 102.

Plaintiff's four motions for the extension of time to object to the status conference on December 1, 2015 are granted.[42] Plaintiff's Motion to Object to Magistrate Judge Schwab's December 18, 2015 Orders and its accompanying objections are denied.[43]

As noted above, on December 1, 2015, Magistrate Judge Schwab held a telephone conference call to discuss the numerous pending motions in this case. Based on the telephone conference call, an Order was issued on December 18, 2015 which, among other things, directed Plaintiff to file an Amended Complaint on or before January 30, 2015, denied a pending Motion to dismiss by Defendants, denied Plaintiff's Motion for leave to file directly with the Court, and denied Plaintiff's request for an exemption from having to exhaust his administrative remedies. Plaintiff has since filed six (6) motions contesting both the status conference and the findings of the Order.[44] The first five motions were for extensions of time over the course of five months. The final motion contained conclusory objections.

---

[42] ECF Nos. 95, 99, 128, and 129.
[43] ECF No. 141. Plaintiff 's "Motion For Relief From Order And Proceeding Regarding "Plaintiff's Motion For Exemption From Seeking Remedies Within The Pennsylvania Department Of Corrections" (ECF No. 84) will be construed as objections to the Magistrate Judge's finding, voiced in the status conference and later memorialized by Order, that Plaintiff must first seek remedies within the Department of Corrections. *See Fatone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] document filed pro se is to be liberally construed"). The Court, however, following *de novo* review agrees with the sound reasoning of the December 18, 2015 Order at pages 5-7.
[44] *See* ECF Nos. 84, 95, 99, 128, 129, & 141.

Having reviewed those portions of the Order to which no objections were made, the Court is satisfied that, on its face, it has no clear error. Furthermore, the Court has reviewed *de novo* the findings of the Order to which Plaintiff objects. Because Plaintiff's objections do little but reiterate previously made and addressed arguments, I will again not rehash the sound reasoning of the Magistrate Judge's Order. Furthermore, because the Court agrees with the findings of this order, Plaintiff is advised to abide by it during continuing litigation.

### d. Motion Concerning the March 7, 2016 Report and Recommendation

Plaintiff's pending Motions for Extension of Time to file Objections to the March 7, 2016 Report and Recommendation and for an Extension of Time to File Response to PA Doc's Brief in Opposition to Plaintiff's Objections are denied as moot.[45] This Court has already adopted the Report and Recommendation in its entirety and dismissed Plaintiff's motions for a temporary restraining order and to amend a temporary restraining order.[46] The Court did so based on the Report and Recommendation, which stated that Plaintiff acknowledged receiving his medications during the December 1, 2015 conference call before Magistrate Judge Schwab.

### e. Motion to Withdraw ECF Documents 12 & 13

---

[45] ECF Nos. 130 & 138.
[46] ECF No. 134.

Plaintiff's Motion to Strike ECF Documents 12 and 13 is denied as moot.[47] The Court notes that the March 7, 2016 Report and Recommendation previously advised the denial of this Temporary Restraining Order. By Order dated March 31, 2016, this Court adopted the Report and dismissed this Temporary Restraining Order. Having already dismissed this motion and accompanying brief, the Court will deny this Motion to withdraw.

### f. Motions for Leave to File An Amended Complaint

The Court will grant Plaintiff's Motions for Leave to File an Amended Complaint.[48] In her May 2, 2016 Order, Magistrate Judge Schwab granted Plaintiff **one, final opportunity** to amend his complaint on or before July 1, 2016. The record reflects that Plaintiff subsequently filed both a Motion for Leave to file an Amended Complaint on July 1, 2016, and attached a proposed amended complaint. Because Plaintiff met this deadline, the Clerk is directed, in accordance with Rule 15.1(a) to file the amended pleading. **No more amendments will be allowed**. In accordance with the Prisoner Litigation Reform Act of 1995,[49] this amended complaint is remanded to Magistrate Judge Schwab to conduct judicial screening.[50]

---

[47] ECF No. 144.
[48] ECF Nos. 150 & 160.
[49] 42 U.S.C. § 1997 *et seq.*
[50] "[T]he PLRA mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit." *Jones v. Bock*, 549 U.S. 199, 202 (2007) (citing 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(a)).

Magistrate Judge Schwab and this Court have granted Plaintiff numerous extensions and opportunities to present his case on the merits. Time has long since passed to reach the merits of Plaintiff's claims. The Court grants Plaintiff this **final opportunity** in recognition of the accepted principle that civil rights *pro se* plaintiffs often should be afforded an opportunity to amend prior to the court ruling on any subsequent motions to dismiss and potentially dismissing the case in its entirety.[51] In accordance with this Court's Order of July 27, 2016, Defendants will have (14) days from a final Order of this Court concerning the screening decision of Magistrate Judge Schwab to file any dispositive motions.

### C. Pending Motions By Defendants

#### a. Defendants Union County and Warden Shaffer's Renewed Motion to Dismiss

Defendants Union County and Warden Shaffer's Renewed Motion to Dismiss[52] is denied at this time. Defendants are however, in accordance with this Court's Order of July 27, 2016,[53] permitted to file a motion to dismiss within fourteen (14) days of a final order of this Court concerning screening. Once filed, the Court will issue a new briefing order to Plaintiff, directing him to file a brief in

---

[51] *See Fletcher-Hardee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 253 (3d Cir. 2007); *see also Pruden v. SCI Camp Hill*, 252 F.App'x. 436, 438 (3d Cir. 2007) (upholding a district court's dismissal with prejudice of a pro se plaintiff's action for failure to file an amended complaint within the granted 20 days).
[52] ECF No. 107.
[53] ECF No. 165.

opposition to any motion to dismiss. This briefing schedule will be strictly followed. **No extensions will be given or granted.**

### b. PA DOC Defendants' Motion to Strike Plaintiff's Objections to the Order dated May 2, 2016

On May 2, 2016, Magistrate Judge Schwab issued an Order disposing of Plaintiff's then pending motions and attempting to progress Plaintiff's case. Plaintiff subsequently filed Objections on May 23, 2016. These objections will not be considered because Plaintiff failed to abide by Middle District of Pennsylvania Local Rule 4.2. This Rule stipulates that "[p]roof of service . . . shall be by written acknowledgment of service, by affidavit of the person making the service or by certification of counsel."[54] Plaintiff failed to serve these Objections on Defendants, nor does he assert doing so within the body of his filings. Furthermore, to the extent Plaintiff argues that he cannot afford to mail his filings, the Court notes that indigent *pro se* civil litigants bear their own litigation

---

[54] M.D. Pa. L.R. 4.2.

expenses.[55] Plaintiff is therefore not excused from abiding by the Local Rules concerning service of process.[56] Defendant's Motion to strike is therefore granted.

### c. PA DOC Defendants' Motion to Strike Plaintiff's Objections to the Report and Recommendation dated May 3, 2016

Finally, the Court will grant PA DOC Defendants' Motion to Strike Plaintiff's objections to the May 3, 2016 Report and Recommendation.[57] Like Plaintiff's objections to May 2, 2016 Order of Magistrate Judge Schwab, these objections to the May 3, 2016 will not be considered because of Plaintiff's failure to timely file said objections and serve them on opposing counsel in accordance with the Local Rules of the Middle District of Pennsylvania. I again note that indigent *pro se* civil litigants bear their own litigation expenses. Plaintiff should be aware of Local Rule 4.2 for purposes of continuing litigation.

### III. CONCLUSION

---

[55] *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. §1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other federal statute authorizes courts to commit federal monies for payment of necessary expenses in a civil suit brought by an indigent litigant."); *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987) (indigent litigants not excused from payment of expert witness fees).

[56] Not raised by Defendants but equally persuasive to this Court in denying consideration is Plaintiff's failure to timely file said objections. Specifically, the facts indicate that Plaintiff's objections were filed beyond the fourteen (14) day period prescribed by Local Rule 72.3 and Fed.R.Civ.P. 72(b)(2). "Time limitations on filing objections must be strictly observed." *See Robinson v. Varano*, Civil No. 3:10–CV–2131, 2013 WL 3475326, at *4 (M.D.Pa. July 10, 2013) (quoting *Jones v. Piazza*, Civil Action No. 05-CV-05384, 2007 WL 789597 n. 1 (E.D.Pa. Mar. 13, 2007) (citing *Grandison v. Moore*, 786 F.2d 146, 148 (3d Cir. 1986))).

[57] ECF No. 154.

Based on the above discussion and in accordance with Magistrate Judge Schwab's Order of May 2, 2016, Plaintiff's Motions for Leave to file an Amended Complaint are granted.[58] The Clerk is directed to file Plaintiff's Amended Complaint, and the case is remanded to Magistrate Judge Schwab to conduct judicial screening pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(a). Remaining Defendants will have **fourteen (14) days** from a final order of this Court concerning Magistrate Judge Schwab's screening decision to file a responsive dispositive motion.

An appropriate Order follows which details the disposition of the numerous motions pending within this case.

BY THE COURT:

  s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[58] ECF Nos. 150 & 160.