# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL SNIDER, | : | No. 4:15-CV-00951 |
| Plaintiff, | : | (Judge Brann) |
| v. | : | (Chief Magistrate Judge Schwab) |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : | |
| Defendants. | : | |

## ORDER

### OCTOBER 12, 2018

Before the Court is a Report and Recommendation filed by Chief Magistrate Judge Susan E. Schwab recommending that *pro se* Plaintiff Joel Snider's amended complaint be dismissed for failure to state a claim upon which relief may be granted. Chief Magistrate Judge Schwab also recommends that Mr. Snider be granted leave to amend his complaint to comply with federal pleading standards. After reviewing portions of the record to which Mr. Snider objects *de novo*[1] and reviewing the rest of the record for clear error,[2] the Court is satisfied that Chief Magistrate Judge Schwab's well-reasoned Report is wholly correct in its analysis and suggested disposition, and

---

[1] 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

[2] For portions of the Report and Recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See* F.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)) (explaining that judges should give some review to every report and recommendation).

thus it will be adopted in its entirety.[3] In particular, even after construing Mr. Snider's amended complaint liberally,[4] this Court agrees that Mr. Snider's verbose and rambling narrative (taking up 47-pages and 552-numbered paragraphs) fails to satisfy the requirement of Rule 8(a)(2) that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," and the requirement of Rule 8(d)(1) that "[e]ach allegation must be simple, concise, and direct."[5]

This Court has previously warned Mr. Snider of the consequences of filing a deficient amended complaint.[6] But because Defendants do not object to providing Mr. Snider with leave to amend or otherwise argue that such amendment would be inequitable or futile, this Court will afford Mr. Snider one final opportunity to comply with federal pleading standards.[7] For Mr. Snider's benefit, the Court reiterates the guidance provided by Chief Magistrate Judge Schwab:

---

[3] *See Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)) (explaining scope of review lies within the district court's discretion and the court may rely on the recommendations of the magistrate judge to the extent it deems proper).

[4] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2008) (describing liberal construction of *pro se* pleadings).

[5] F.R.Civ.P. 8(a)(2) & (d)(1); *McNeil v. United States,* 508 U.S. 106, 113 (1993) (procedural rules in civil litigation should not be interpreted so as to excuse mistakes by those proceeding without counsel). *Accord Tillio v. Kent,* 477 Fed.Appx. 881, 882 (3d Cir. 2012) (affirming dismissal of "rambling and unclear" complaint); *Dougherty v. Advanced Wings, LLC*, No. 1:13–cv–447, 2013 WL 4041589, at 7-8 (M.D.Pa. Aug. 7, 2013) (dismissing complaint for violating Rule 8); *Bolling v. Hyman*, Civil Action No. 08–3183, 2008 WL 3843515 (D.N.J. Aug. 14, 2008) (dismissing complaint for violating Rule 8).

[6] *See* ECF No. 169 at 13-14.

[7] *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007) (explaining *pro se* prisoners litigating civil rights cases should be granted leave to amend unless doing so would be inequitable or futile).

Any second amended complaint shall be complete in all respects. It shall be a new pleading that stands by itself as an adequate complaint without reference to the amended complaint already filed. In addition, it shall not incorporate by reference any previous complaint. Finally, it shall be titled as a Second Amended Complaint, and it shall contain the docket number of this case.[8]

This Court also emphasizes to Mr. Snider that his second amended complaint must be "simple, concise, and direct" as required by the Federal Rules of Civil Procedure.[9] For example, it should specify which actions are alleged as to which Defendants.[10] If Mr. Snider fails, within the applicable time period, to file a second amended complaint adhering to the standards set forth above, his action will be dismissed.

Finally, Mr. Snider has filed a motion to appoint counsel.[11] Chief Magistrate Judge Schwab has already agreed to provide Mr. Snider with counsel on the condition that *pro bono* counsel can be found.[12] As Chief Magistrate Judge Schwab stated, "if the Court is unable to appoint counsel in this matter, the conditional order for appointment of counsel will be revoked, and the plaintiff will be required to proceed

---

[8] *See* ECF No. 198 at 18-19.

[9] *See* F.R.Civ.P. 8(e)(1).

[10] *See, e.g., Binsack v. Lackawanna County Prison*, 438 Fed.Appx. 158, 161 (3d Cir. 2011) (explaining defendants should not be left to "guess" which actions allegedly constitute a particular claim).

[11] *See* ECF No. 214.

[12] *See* ECF No. 38 at 4.

without counsel."[13]  This Court therefore remands disposition of this motion to Chief Magistrate Judge Schwab to proceed accordingly.

**AND NOW**, therefore, **IT IS HEREBY ORDERED** that:

1. Chief Magistrate Judge Susan E. Schwab's Report and Recommendation (ECF No. 198) is **ADOPTED** in its entirety;

2. Plaintiff's Amended Complaint (ECF No. 181) is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915A;

3. Plaintiff is **GRANTED LEAVE** to file a Second Amended Complaint that complies with Federal Rules of Civil Procedure within **twenty-eight (28)** days of this Order, and failure to comply with this directive may result in dismissal of this action;

4. This case is **REMANDED** to Chief Magistrate Judge Schwab for further proceedings, including the disposition of Plaintiff's latest motion to appoint counsel (ECF No. 214) and to conduct a judicial screening of any Second Amended Complaint Mr. Snider may choose to file.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[13] *Id.* at 4 n.3.  *See also Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 243 (3d Cir. 2013) (concluding "*pro se* litigants do not have a right to general legal advice from judges").