# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| JOEL SNIDER | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | NO. 15-951 |
| PENNSYLVANIA DEPT. OF CORRECTIONS, *et al.* | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                                 **December 2, 2019**

We held Joel Snider did not satisfy the standard for appointment of a guardian *ad litem* and concluded Mr. Snider is not incompetent. Joel Snider *pro se* asks we amend our September 30, 2019 Memorandum and Order to include permission to petition for appeal under Federal Rule of Appellate Procedure 5(a).[1] In our September 30, 2019 Memorandum, we concluded Mr. Snider is competent under Federal Rule of Civil Procedure 17(c)(2) and denied him a guardian *ad litem*. We additionally denied Mr. Snider's motion to consolidate this action with his other pending action, *Snider v. McKeehan*, No. 18-801. He fails to satisfy the standards required for an interlocutory appeal by permission. We deny his motion to amend in the accompanying Order.

## I. Background

Mr. Snider disagrees with our September 30, 2019 Memorandum and Order finding him competent to proceed without a guardian *ad litem*. He contends we "overlook[ed] ... he indeed does have mental illness of the type which could render him incapacitated and that his mental illness has rendered him incapacitated in the past"; he "has no ability to obtain mental health care or examination by anyone other than the [Pennsylvania Department of Corrections]" which he contends "has an adverse interest in [his] litigation against [the Department of Corrections] which has been ongoing for the past six (6) years"; and his litigation against the Department of

Corrections "involves claims against [its] health professionals, their falsification of his mental health records, the inaccuracy of those records, the insufficiency of those records, their attempts to cover-up his mental health symptoms and history and their indifference towards his serious mental health need."[2] Mr. Snider argues we "overlooked these factors and declined to provide [him] with mental health examination by an un-biased mental health professional, declined to issue him a subpoena to obtain his accurate prior-to incarceration mental health records, and ordered [Department of Corrections] officials to provide the court with his [Department of Corrections] mental health records for *in camera* review but not allowing Mr. Snider an opportunity to argue against this" and other perceived errors.[3] After review of Mr. Snider's medical records, his admission of competency, and following our Court of Appeals' mandate divesting its jurisdiction from Mr. Snider's appeal of our decision for an *in camera* review of his mental health records; "denial of full records to [him]'; denial of appointment of counsel in this civil action; and "the inability to find Counsel" from a pro bono panel, we found no basis to appoint a guardian *ad litem*, a decision within our discretion under Rule 17 and the law of this Circuit.[4]

## II. Analysis

Federal Rule of Appellate Procedure 5(a) governs appeal by permission. Before filing a petition to appeal with our Court of Appeals, Mr. Snider must first ask us for "an order granting permission [to appeal] or stating that the necessary conditions are met ...."[5] Congress defines the "necessary conditions": "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal

2

of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."[6]

Under this mandate, we may amend our September 30, 2019 Order only when: (1) the Order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the Order may materially advance the ultimate termination of the litigation.[7] Whether to certify an appeal under section 1292(b) is within our discretion even if the three criteria are met.[8] "The burden is on the party seeking certification to demonstrate that 'exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment.'"[9]

The first criteria, a "controlling question of law," is "one in which either: (1) 'if decided erroneously, would lead to reversal on appeal' or (2) is 'serious to the conduct of the litigation either practically or legally.'"[10] "A question that 'appears to be a controlling question of law' but nevertheless presents a question 'about a court's application of the facts of the case to the established legal standards are not controlling questions of law for purposes of section 1292(b).'"[11] We carefully applied the facts to the standard for appointment of a guardian *ad litem* under Fed.R.Civ.P. 17 and *Powell v. Symons* within our discretion and concluded Mr. Snider is not incompetent. Our conclusion does not involve a question of law.

There is a "substantial ground for difference of opinion"—the second criteria— when the matter involves "one or more difficult and pivotal questions of law not settled by controlling authority" and "where there is genuine doubt or conflicting precedent as to the correct legal standard."[12] A disagreement with our decision does not constitute a substantial ground for

3

difference of opinion.[13] Mr. Snider does not identify a substantial ground for difference of opinion arising out of a "genuine doubt as to the correct legal standard" and we are guided by our Court of Appeals' decision in *Powell v. Symons* leaving to our discretion an appointment of a guardian under Fed.R.Civ.P. 17.

For the third criteria, Mr. Snider must show an immediate appeal from our September 30, 2019 Order may materially advance the ultimate termination of this litigation determined by considering "whether an immediate appeal would (1) obviate the need for trial; (2) eliminate complex issues, thereby greatly simplifying the trial; or (3) eliminate issues thus making discovery much easier and less costly."[14] A finding Mr. Snider is incompetent under Fed.R.Civ.P. 17 will not obviate the need for trial, eliminate complex issues, or eliminate issues making discovery much easier and less costly.

## III. Conclusion

Mr. Snider disagrees with our September 30, 2019 Order but does not meet his burden of demonstrating "exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment."[15] In the accompanying Order, we deny Mr. Snider's Motion to make our September 30, 2019 Memorandum and Order appealable under Fed.R.App.P. 5 and for extension of time to submit a petition for permission to appeal.

---

[1] ECF Doc. Nos. 292, 293.

[2] ECF Doc. No. 344 at ¶ 3-10.

4

³ *Id.* at ¶¶ 7-10.

⁴ *See Powell v Symons*, 680 F.3d 301 (3d Cir. 2012).

⁵ Fed.R.App.P. 5(a)(3).

⁶ 28 U.S.C. § 1292(b).

⁷ *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974).

⁸ *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976) (citing *Katz*, 496 F.2d at 754).

⁹ *L.R. v. Manheim Twp. School Dist.*, 540 F.Supp.2d 603, 608 (E.D. Pa. 2008) (quoting *Douris v. Schweiker*, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002)).

¹⁰ *Kao v. CardConnect Corp.*, No. 16-5707, 2019 WL 2615720, at *4 (E.D. Pa. June 26, 2019) (quoting *Katz*, 496 F.2d at 755).

¹¹ *Id.* (quoting *Glover v. Udren*, No. 08-990, 2013 WL 3072377, at *2 (W.D. Pa. June 18, 2013)).

¹² *Id.* (quoting *McGillicuddy v. Clements*, 746 F.2d 76, 76, n.1 (1ˢᵗ Cir. 1984) and *Bradburn Parent Teacher Store, Inc. v. 3M*, No. 02-7676, 2005 WL 1819969, at * 3 (E.D. Pa. Aug. 2, 2005)).

¹³ *Douglas v. Discover Prop. & Cas. Ins. Co.*, No. 08-1607, 2015 WL 8179641, at * 5 (M.D. Pa. Dec. 7, 2015).

¹⁴ *Kao*, 2019 WL 2615720, at *5 (quoting *Wheeler v. Beard*, No. 03-4826, 2005 WL 2108702, at *3 (E.D. Pa. Aug. 31, 2005)).

¹⁵ *Manheim Twp. School Dist.*, 540 F.Supp.2d at 608.