IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOEL SNIDER,** | : | No. 4:15-CV-0951 |
| Plaintiff | : | |
| | : | Honorable Mark A Kearney |
| v. | : | |
| | : | |
| **PENNSYLVANIA DOC, ET AL.,** | : | Electronically Filed Document |
| | : | |
| Defendants | : | *Complaint Filed May 15, 2015* |

## BRIEF IN SUPPORT OF MOTION TO DISMISS
## COMPLAINT BY TORRANCE STATE HOSPITAL

Torrance State Hospital ("THS") joins the Motion to Dismiss the Second Amended Complaint (Doc. 237) previously filed by Defendants, Adamson, Alvord, Burt, Byrne, Caro, Cleaver, Collins, Commonwealth of Pennsylvania, Cowan, Crawford, Falcione, Fallon, Gardner, Gilmore, Harry, Horner, Jeremiah, Jones, Kelley, Kerns-Barr, Killeen, King, Kuzar, Longenderfer, Luscavage, McKeehan, Miller, Mooney, Morton, Nichtman, Pennsylvania Department of Corrections ("DOC" or "Department"), Rand, Rivera, Romig, SCI-Somerset, SCI-Waymart, Sanders, Shawley, Shreve, Stickles, Stracco, Valko, Varner, Waine, and Wetzel ("DOC Defendants"), and the Pennsylvania Office of Attorney General ("OAG") (altogether as "Commonwealth Defendants").

The Complaint impermissibly joins disparate claims not arising out of the same transaction, occurrence, or series of transactions or occurrences and it fails to state a claim upon which relief may be granted against THS. Plaintiff has been afforded

leave multiple times to remedy the inadequate pleading and has failed to do so. For these reasons, the Court should dismiss the Complaint with prejudice.

## PROCEDURAL HISTORY

This case began when Plaintiff filed his initial Complaint on May 15, 2015. (Doc. 1). Numerous motions were filed and Court conferences were held related to a variety of matters. The Court entered an Order "to address the motions that Snider has most recently filed" and to "set forth, in clear and precise terms, how this litigation will proceed going forward". (Doc. 139). As Plaintiff previously missed his deadline to file an amended complaint, the Court allowed Plaintiff one "final opportunity to file an amended complaint". (Doc. 139).

Plaintiff filed a Motion for Leave to file an Amended Complaint, with the proposed pleading. (Docs. 160, 161, 162). Plaintiff's Motion for Leave to file an Amended Complaint was granted although Plaintiff was specifically advised by the Court that "**no more amendments will be allowed**". (Doc. 169 at 13) (*emphasis in original*). Then Plaintiff wrote a letter to the Court seeking an opportunity to file a "Supplementary Complaint" and asserted that he omitted certain claims and defendants from the prior pleading, despite having previously been given instructions that it must be complete in all respects. (Doc. 183). Magistrate Judge Schwab[1] issued a Report and Recommendation ("R&R") addressing a typed version of the Amended

---

[1] Judge Schwab has since been named the Chief Magistrate Judge.

Complaint. (Doc. 198). The R&R recommended that the Amended Complaint be dismissed for failing to meet relevant pleading standards but recommended that Plaintiff be granted leave to file another complaint to comply with those standards. (Doc. 198). The R&R was adopted by the Court, and Plaintiff was afforded leave to file a second amended complaint (Doc. 215). The Second Amended Complaint ("Complaint") was filed on December 21, 2018. (Doc. 237).

An Order was entered assigning this case to the Honorable Mark A. Kearney of the United States District Court for the Eastern District of Pennsylvania. (Doc. 243). Deadlines for responding to the Complaint were vacated while the Court considered whether or not a limited medical examination should be held on the issue of the appointment of a guardian ad litem for Plaintiff. (Doc. 246). Proceedings were stayed for several months. On September 30, 2019, the Court lifted the stay and declined to impose a guardian ad litem or appoint a counsel through a guardian ad litem for Plaintiff. (Doc. 293). Defendants were directed to respond to the Complaint. (Doc. 293). Commonwealth Defendants, with the exception of THS, filed a motion to dismiss the Complaint with a supporting brief.

THS was served with the complaint on June 24, 2020. THS joined the other Commonwealth Defendants in filing a motion to dismiss the Complaint, and now files this supporting brief.

**FACTUAL SUMMARY**

Plaintiff, *pro se*, is incarcerated by the DOC at SCI Houtzdale. Plaintiff filed a fifty-two page Complaint joining multiple separate and distinct claims against about fifty Commonwealth Defendants, and other defendants from Union County, Snyder County, medical staff, the United States and the District Court[2], the Unified Judicial System of Pennsylvania, and Clinton County. (Doc. 237).

The Commonwealth Defendants range from the Secretary of Corrections, superintendents, deputy superintendents, grievance officers, a staff assistant, an attorney, majors, law librarians, psychological services staff, a hearing examiner, a unit manager, corrections staff including officers, sergeants, lieutenants, and majors – for various alleged events that occurred since December 2012. *Id.* The Complaint addresses events that occurred at various SCIs of the DOC, Union County, Snyder County, and in various courts. *Id.*

Although not entirely clear, Plaintiff seemingly raises claims against the various Defendants including being placed in solitary confinement, exclusion from social services and recreation, failing to accommodate his alleged disability, an access to courts claim, conditions of confinement, due process, false reports against him including charges of misconduct, malicious prosecution, confiscation and destruction of his legal documents and property, loss of his religious items, deliberate

---

[2] The claims against the federal defendants have been dismissed. (Doc. 434, 435, 437).

4

indifference to his medical or mental health needs, prison transfers, failures to correct matters he complained of through the grievance process, abuse, various assaults and batteries against him.

With respect to THS, Plaintiff claims he was admitted to THS and was evaluated by a psychiatrist upon admission. (Doc. 237 ¶¶155-56). He alleges his criminal defense team requested THS staff to evaluate whether his solitary confinement placement was affecting his mental health and competency, but they did not. *Id.* ¶¶157-58. He was treated for three months, after which he was stable, and THS staff deemed him competent to provide information to a defense attorney and to make decisions regarding plea negotiations. *Id.* ¶159, n.26. On October 30, 2013, Plaintiff was returned to solitary confinement at Coal Township. *Id.* ¶160. Plaintiff alleges THS violated his rights under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). *Id.* ¶291.

## QUESTIONS PRESENTED

A. Should the Court dismiss the Complaint with prejudice, or alternatively, sever the improperly joined claims and parties into separate civil actions?

B. Has Plaintiff failed to state a claim upon which relief can be granted against THS under the ADA and RA?

## I. THE COURT SHOULD DISMISS THE COMPLAINT WITH PREJUDICE, OR ALTERNATIVELY, SEVER THE IMPROPERLY JOINED CLAIMS AND PARTIES.

While *pro se* litigants are held to "less stringent standards that formal pleading drafted by lawyers" and "a *pro se* complaint must none the less recite factual allegations which are sufficient to raise the claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. *Haynes v. Kerner*, 404 U.S. 519, 520-21 (1972); *Smith v. Price, et al.*, No. 3:11-CV-1581, 2012 WL 6541008 at *5 (Carlson, M.J.). For the reasons that follow, the Court should dismiss all claims in the Complaint in this case in their entirety with prejudice, or in the alternative, sever the multiple separate and distinct claims into separate civil actions.

Commonwealth Defendants seek to dismiss the Complaint, or in the alternative, to sever the multiple separate and distinct claims. Rule 20 permits defendants to be joined in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. Pro. 20(a)(2).

As described *supra*, the Complaint combines multiple events that have no legal, logical, topical or temporal connection into a single lawsuit. Thus, this

6

Complaint collects a series of distinct claims, involving diverse parties, and disparate acts which are alleged to have occurred at different times. The joinder of these plainly divergent claims in a single lawsuit is inappropriate under the rules governing joinder of defendants in federal litigation. It cannot be said that the allegations in the Complaint arise out of the same transaction, occurrence or series of transactions or occurrences or involve questions of law or fact that are common to all Defendants.

Instead, the Complaint seemingly combines an array of disparate acts, allegedly committed by various Defendants at various times and institutions over a period of years. "[G]iven the hodgepodge of claims raised in the . . . complaint," *Boretsky v. Governor of New Jersey*, 433 F. App'x 73, 77 (3d Cir. 2011), this Court should, in the exercise of its discretion, require Plaintiff to file separate complaints relating to these factually distinct claims. *See e.g.*, *Johnson v. Holt*, No. 1:13-CV-1866, 2015 WL 672127, at *1. (M.D. Pa. Feb. 17, 2015). Finally, permitting Plaintiff to join multiple disparate claims in a single lawsuit also prevents the Court from collecting the appropriate filing fee that would otherwise be due for each of the many factually distinct claims.

As discussed *supra*, Plaintiff has already been afforded leave multiple times to amend his complaint with specific directions from the Court regarding how to do so and with instructions that amended pleadings must be complete in all respects. (*See, e.g.*, Doc. 183). Despite multiple opportunities to obtain compliance with the rules,

Plaintiff continues to set forth an inadequate pleading. And there is no indication that further amendment would remedy these shortcomings.

Therefore, the Court should dismiss the Complaint with prejudice. Alternatively, the Court should require that Plaintiff refile his multiple claims in separate civil actions, each of which should be limited to alleging claims arising out of the same transaction, occurrence, or series of transactions or occurrences involving questions of law or fact common to all defendants in the civil action.

## II. PLAINTIFF HAS FAILED TO STATE A COGNIZABLE CLAIM UNDER THE ADA OR RA AGAINST THS.

The substantive requirements for a claim under the ADA are nearly identical to those under § 504 of the Rehabilitation Act. *McDonald v. Pennsylvania Department of Public Welfare*, 62 F.3d 92, 95 (3d Cir. 1995). Thus, DOC Defendants discuss both laws simultaneously. "Stated in the ADA's terms, a plaintiff is expected to show that: (1) he or she is a 'qualified individual with a disability'; (2) he or she is being excluded from participation in, or being denied the benefits of some service, program, or activity by reason of his or her disability; and (3) the entity which provides the service, program or activity is a public entity." *Id.*

The Complaint altogether fails to address these elements. The disability from which Plaintiff suffers and the programs he is being denied participation in are all mysteries here. Therefore, to the extent that Plaintiff raises claims against THS, the claims should be dismissed.

## **CONCLUSION**

For the foregoing reasons, the Court should grant the Commonwealth Defendants' motion to dismiss the Complaint and enter judgment in favor of the Commonwealth Defendants.

                    **Respectfully submitted,**

                    **JOSH SHAPIRO**
                    **Attorney General**

           **By:**   *s/ Lindsey A. Bedell*

| | |
|---|---|
| **Office of Attorney General** | **LINDSEY A. BEDELL** |
| **15th Floor, Strawberry Square** | **Deputy Attorney General** |
| **Harrisburg, PA 17120** | **Attorney ID # 308158** |
| **Phone: (717) 772-3561** | |
| | **KAREN M. ROMANO** |
| | **Chief Deputy Attorney General** |
| **lbedell@attorneygeneral.gov** | **Civil Litigation Section** |
| | |
| **Date: July 14, 2020** | *Counsel for Defendants Adamson, Alvord, Burt, Byrne, Caro, Cleaver, Collins, Commonwealth of Pennsylvania, Cowan, Crawford, Falcione, Fallon, Gardner, Gilmore, Harry, Horner, Jeremiah, Jones, Kelley, Kerns-Barr, Killeen, King, Kuzar, Longenderfer, Luscavage, McKeehan, Miller, Mooney, Morton, Nichtman, Pennsylvania DOC, Rand, Rivera, Romig, SCI-Somerset, SCI-Waymart, Sanders, Shawley, Shreve, Stickles, Stracco, Valko, Varner, Waine, & Wetzel (all of the Pennsylvania Department of Corrections "DOC"), Pennsylvania Office of Attorney General, and Torrance State Hospital "THS")* |

*(altogether as "Commonwealth Defendants")*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOEL SNIDER,** | : | No. 4:15-CV-0951 |
| Plaintiff | : | |
| | : | Honorable Mark A Kearney |
| v. | : | |
| | : | |
| **PENNSYLVANIA DOC, ET AL.,** | : | Electronically Filed Document |
| | : | |
| Defendants | : | *Complaint Filed May 15, 2015* |

## CERTIFICATE OF SERVICE

I, Lindsey A. Bedell, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on July 14, 2020, I caused to be served a true and correct copy of the foregoing document titled Brief in Support of Motion to Dismiss Complaint by Torrance State Hospital to the following:

**VIA HAND DELIVERY[3]**

**Joel Snider, KZ-8124**
SCI Houtzdale
*Pro Se Plaintiff*

**VIA ECF:**

**Robin A. Read, Esquire**
McNerney Page Vanderlin and Hall
433 Market Street
P.O. Box 7
Williamsport, PA 17703
rread@mpvhlaw.com
*Counsel for Defendants Union County,*
*Shaffer, Snyder County Pennsylvania,*

---

[3] This alternative method of service, through staff of the Department, is being used as a result of the COVID-19 emergency. The Court's Order dated March 4, 2019 noted a delay in mail service to Plaintiff and directed Defendants to mail a copy of all filings to Chambers to forward on to Plaintiff in addition to their "*present*" service efforts at that time. (Doc. 263) (emphasis added). Since the Defendants' method of service has temporarily changed from their prior services efforts and there is no mail delay from hand delivery service to Plaintiff, the document is not being simultaneously mailed to Chambers.

*Cooper and Union County Prison Board,*

**Cassidy L. Neal, Esquire**
Matis Baum O'Connor, P.C.
912 Fort Duquesne Boulevard
Pittsburgh, PA 15222
cneal@mbo-pc.com
*Counsel for Defendants Kaskie, Polmueller, Martinez, Pillai and Herrold*

**Timothy S. Judge, Esquire**
U.S. Attorney's Office – Civil Litigation
U.S. Courthouse
235 N. Washington Avenue
Scranton, PA 18507
timothy.judge@usdoj.gov
*Counsel for Defendants The United States, The United States Government, The United States District Court for the Middle District of Pennsylvania and Whittaker*

**Martha J. Gale, Esquire**
Administrative Office of the Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
Martha.gale@pacourts.us
*Counsel for Defendants Unified Judicial System of Pennsylvania*

**Robert Allen Mix, Esquire**
Lee Green & Reiter, Inc.
115 E. High Street, Lock Drawer 179
Bellefonte, PA 16823
bmix@lmgrlaw.com
*Counsel for Defendants Clinton County Correctional Facility, Motter, Bechdel, Notte, Shearer, Richards, Walker and Hughes*

*s/ Lindsey A. Bedell*
**LINDSEY A. BEDELL**
Deputy Attorney General
